UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JORY HEBERT** | **CASE NO. 2:22-CV-00113** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **QUALITY PRODUCTION MANAGEMENT L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 6] filed by defendants American Equity Underwriters, Inc. ("AEU") and American Longshore Mutual Association, Ltd. ("ALMA") and seeking dismissal of plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Plaintiff has not responded to the motion and his time for doing so has passed.

### I.
### BACKGROUND

This suit arises from injuries suffered by Hebert while employed by ES&H Production Group, LLC ("ES&H") and working aboard the WD 73 D platform on the Outer Continental Shelf. Doc. 1. Hebert alleges as follows:

> On or about [March 27, 2021], while working aboard the WD 73 D platform, Hebert was one of a five (5) man crew being lowered onto a supply boat, specifically the M/V GOL Sapphire, owned and operated by Defendant, GOL, L.L.C., via personnel basket transfer by a crane operator who was employed by Defendant, QPM. The basket was lowered too fast, a swell came in and raised the deck of the boat, the crane operator misjudged the swell, there was poor or no coordination between the boat captain and the

crane operator, the basket landed hard on the deck of the boat, and knocked Hebert off the basket and onto the deck of the boat.

*Id.* at ¶ IV. Hebert filed suit against QPM, GOL, AEU, and ALMA in this court, alleging that QPM and GOL were liable for his injuries through the negligence of their employees in boat handling and crane operation. *Id.* at ¶ VI. With respect to AEU and ALMA, he alleged:

> IX.
> Defendant, AEU, on behalf of Defendant, ALMA, is the Longshore coverage side of this lawsuit, being the adjuster and payor of Longshore benefits to Hebert.
> X.
> Defendants, AEU and/or ALMA, have abused the rights of Hebert by maliciously and without sufficient factual basis, terminated Hebert's Longshore benefits, thus causing damages to Hebert that are actionable under civilian law Abuse Rights Doctrine.

*Id.* at ¶¶ IX–X.

AEU and ALMA now move for dismissal of the claims against them, asserting that (1) Hebert failed to properly serve ALMA, a group self-insurance mutual association organized and existing under the laws of Bermuda, using the requirements set forth under the Hague Convention, and that (2) Hebert fails to state a claim on which relief can be granted because his sole remedy for a claim for benefits under the LHWCA and he is bound to arbitrate any dispute. Doc. 6, att. 1. Hebert's time for filing an opposition has passed, without any response. *See* doc. 10. Accordingly, the motion is regarded as unopposed.

.

## II.
## LAW & APPLICATION

### A. Motion to Dismiss Standard

Because the grounds for dismissal under Rule 12(b)(6) result in dismissal of the claims at issue against both defendants, and defective service could still be cured, the court will first analyze the grounds asserted under Rule 12(b)(6).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Exclusive Remedies under LHWCA

The Outer Continental Shelf Lands Act ("OCSLA") applies broadly to "cases and controversies arising out of, or in connection with . . . any operation on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil, and seabed of the outer Continental Shelf[.]"43 U.S.C. § 1349(b)(1). Under § 1333(b) of the OCSLA, workers' compensation coverage under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, is the exclusive remedy of an injured employee against his employer for an injury occurring on a fixed platform on the Outer Continental Shelf. 43 U.S.C. § 1333(b); *Alday v. Patterson Truck Line, Inc.*, 750 F.2d 375 (5th Cir. 1985). "[C]laims against insurers, in addition to claims against employers, are implicitly preempted by the LHWCA's exclusivity provision." *Pinkney v. AMLA*, 2020 WL 7890803, at *3 (S.D. Tex. Dec. 2, 2020) (citing *Nadheer v. Ins. Co. of Pa.*, 506 F. App'x 297, 301 (5th Cir. 2013)). This preemption encompasses state law claims for bad faith withholding or termination of workers' compensation benefits. *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 812–15 (5th Cir. 1988). It is undisputed that this accident falls under the LHWCA's coverage. Accordingly, Hebert is barred from bringing the claims asserted against AMLA or AEU and the court need not explore the extent to which an arbitration agreement also necessitates dismissal.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] brought under Rule 12(b)(6) will be **GRANTED** and the Motion to Dismiss [*id.*] under Rule 12(b)(5) will be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on this 11th day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**